UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROY O. DANIELS,

          Petitioner,

v.                                   Case No. 3:18-cv-1123-39JRK

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

          Respondents.
_____

## ORDER

Petitioner, Roy O. Daniels, an inmate of the Florida penal system, initiated this action by filing a pro se "Writ of Habeas Corpus § 2254" (Doc. 1) on August 23, 2018.[1] Daniels initially filed this action in the Northern District of Florida, but the Northern District construed the pleading as a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and transferred the case to this Court. See Order (Doc. 7).

Although Daniels cites to § 2254 in support of his pleading, Daniels seeks injunctive relief against prison officials at Union Correctional Institution in Raiford, Florida. See Doc. 1. Daniels complains that (1) the Warden to Union Correctional has restricted his access to "indigent legal supplies"; (2) the Palm Beach County Circuit Court has not responded to his request for a free, complete copy of a transcript in his underlying criminal

---

[1] According to the Florida Department of Corrections Offender Network website, Daniels is currently serving a twenty-one-year term of incarceration for a Broward County, Florida conviction and an eight-year term for a Palm Beach, Florida conviction. See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Sep. 19, 2018).

case; and (3) prison officials at Union Correctional denied him access to his legal property. Id. Daniels also alleges that prison officials are violating his First Amendment rights. Daniels explains that he filed a § 2254 petition for writ of habeas corpus in West Palm Beach, Florida on or about June 1. See Doc. 1 at 1.

Insofar as Daniels challenges the fact or duration of his confinement and seeks release from incarceration, those claims should be raised in his pending habeas corpus petition. If Daniels seeks to allege that the conditions of his confinement are unconstitutional, he may initiate a civil rights action. The Court has approved the use of a form for civil rights actions, and Daniels will be provided with a copy of this form.

In light of the foregoing, this case will be dismissed without prejudice to Daniels' right to properly initiate a new case if he so chooses.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to enter judgment **dismissing this case without prejudice**, terminating any pending motions, and closing the case.

3. The Clerk shall send Daniels a civil rights complaint form and an Affidavit of Indigency form. If Daniels elects to refile his claims, he may complete and submit the proper forms. Daniels should not place this case number on the forms. The Clerk will assign a separate case number if Daniels elects to refile his claims. In initiating a new case, Daniels should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) **or** pay the proper filing fee (if he does not desire to proceed as a pauper).

4. If Daniels appeals the dismissal of the case, the Court denies a certificate of appealability.[1] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C: Roy O. Daniels, #L25255

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.